IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:08CV15-03-MU

| | | |
|---|---|---|
| ABDUR RAHMAN MUHAMMAD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| BOBBY HARLESS, Superintendent Wilkes | ) | |
| Correctional Center; Sergeant Cox, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under

42 U.S.C. § 1983, filed February 7, 2008. (Document No. 1. )  In his Complaint, Plaintiff contends

that on 1-04-07,[1] during the month of Ramadan, the sun set at 7:01 p.m. but he was not called to

break his fast until 7:10 p.m.  Plaintiff complained about being called late to break his fast and was

told by staff that they had been "too busy." [2]  Plaintiff alleges that after the above incident, he was

harassed and targeted.  As evidence that he was so targeted and harassed, Plaintiff alleges that one

day while praying in the library, he was written up.  Plaintiff contends that if he had not been written

up, he would be on work release by this time, and could be sending money to his children.  By way

of relief, Plaintiff asks this Court to "investigate this matter to the fullest" and asks that he be

"reimbursed for any time that should have been on work-release because I won't have any financial

---

[1] The Court notes that while Plaintiff's Complaint indicates that this incident occurred on
1-04-07, the grievances and responses indicate that the date of the incident was 10-4-07.

[2] Although Plaintiff does not appear to argue that this incident violated his Constitutional
rights, the Court notes that the fact that Plaintiff may have been called to break his fast 9 minutes
after the sun set does not, by itself, establish a violation of his Constitutional rights.

1

means to pay any restitution nor to send to my children."

Plaintiff attached copies of his grievances and responses to his Complaint. The responses to Plaintiff's grievances indicate that on September 22, 2007,[3] the day Plaintiff alleges he was written up for praying in the library, he was found in the library on the floor with the lights out. The "library closed" sign was hung on the outside of the door and there was a chair blocking the doorway of the library. (See letter from Wilkes CC Assistant Superintendent, Ronnie Shumate, attached to Plaintiff's Complaint.) The grievances and responses indicate that Plaintiff was "written up" not for praying as he alleges, but for placing a chair against the door of the library and for closing the library during normal hours of operation without permission. (Id.) Plaintiff pled guilty to both of these offenses.

While it may be true that but for the write up for the library incident, Plaintiff may be on work release by this time, the evidence attached to Plaintiff's own Complaint indicates that Plaintiff was not written up for praying or being of the Islamic faith as he contends, but for closing the library during normal hours of operation and placing a chair against the door of the library, offenses to which Plaintiff plead guilty. Plaintiff does not contest that he pled guilty to these offenses.

Plaintiff contends that he believes that his First and Fourteenth Amendment rights were violated, however, his Complaint and documents attached thereto do not support his claim. Furthermore, to the extent Plaintiff asks to be "reimbursed for any time that should have been on

---

[3] Plaintiff contends that after the late breaking on his fast on 1-04-07 he was harassed and targeted presumably for being of the Islamic faith. However, the Court notes that the only "evidence" Plaintiff presented of being "harassed and targeted" occurred 9 months later on September 22, 2007. However, if the date of the "late fast" incident was 10-04-07 and not 1-04-07, as indicated in the grievances and responses, Plaintiff's allegation that he was harassed and targeted when written up for praying in the library on September 22, 2007 does not make sense given that the write up in the library occurred first.

work-release"[4] such claim is not cognizable in actions pursuant to 42 U.S.C. § 1983.  See Edwards v. Balisok, 520 U.S. 641 (1997) (claims for damages, declaratory relief, or retroactive injunctions on the loss of good-time credits and claims for restoration of good time credits may only be brought in habeas proceedings, as opposed to under §1983, if a finding in favor of the claimant would necessarily imply the invalidity of the underlying disciplinary conviction).

Plaintiff has failed to state a claim that his Constitutional rights were violated as a result of his write up in the library and his Complaint is therefore dismissed.  Furthermore, Plaintiff's claim is not cognizable in this § 1983 action.

SO ORDERED.

Signed: February 19, 2008

Graham C. Mullen
United States District Judge

---

[4] The Court notes that this is the only relief requested by Plaintiff.

3